FILED
APR 15 2021
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>JASON HARRINGTON,<br><br>              Defendant. | Case No. 21cr1184-JLS<br><br>**I N F O R M A T I O N**<br><br>Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec 2461(c) – Criminal Forfeiture |
|---|---|

The United States charges:

### Introductory Allegations

1. The provenance of a work of art is a historical record of its creation, ownership, custody, and location. Typically, the provenance includes records of transactions by which a work of art changed ownership, custody, and location. The provenance of a work of art affects claims about the authenticity of a work, that is, whether a work of art is by the hand of a particular artist. Accordingly, the provenance of a work of art also affects the value of a work of art.

2. Richard Hambleton was an artist based in New York, New York, best known for painting a black-silhouetted figure, known as the Shadowman, directly on the streets of New York. Hambleton eventually

AJGA:nlv:San Diego:4/14/21

transitioned from street art to producing paintings, many of which are in the collections of museums across the United States.

3. Barkley Hendricks was an artist known for portraits of African Americans, typically with monochromatic backdrops, that captured the fashion and hairstyles of the 1960s and 1970s.

### Counts 1-5: Wire Fraud
(18 U.S.C. § 1343)

4. Paragraphs 1 through 3 of the Introductory Allegations are realleged and incorporated by reference.

5. Beginning as early as 2018 and continuing up to and including at least 2019, within the Southern District of California and elsewhere, defendant JASON HARRINGTON, knowingly and with the intent to defraud, devised a material scheme to defraud victims and to obtain their money and property by means of materially false and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts.

### Purpose of the Scheme

6. It was the purpose of the scheme for defendant JASON HARRINGTON to unlawfully enrich himself by obtaining money from individuals by making materially false and fraudulent representations, and by the concealment of materials facts, concerning, among other things, the source and authenticity of certain art purportedly created by Richard Hambleton and Barkley Hendricks.

### Methods and Means

7. The methods and means by which defendant JASON HARRINGTON sought to accomplish the purpose of the scheme included, among others, the following:

a. Defendant HARRINGTON sold, or attempted to sell, fraudulent art that he represented were genuine pieces created by Richard Hambleton and Barkley Hendricks. In fact, as defendant HARRINGTON knew, the pieces were fake and had not been created by Hambleton or Hendricks.

b. Defendant HARRINGTON offered to sell the fraudulent art to prospective buyers, including auction houses, art galleries, and individuals.

c. To make the fraudulent art appear authentic, defendant HARRINGTON made false statements to prospective buyers regarding the provenance of the art. To support these false statements, defendant HARRINGTON, among other things: (1) provided prospective buyers with a fake letter purportedly signed by the individual who obtained the art; (2) altered images, using publicly available images of Hambleton, to make it appear that the individual who purportedly obtained the art knew Hambleton; and (3) instructed an individual to speak with a prospective buyer and falsely claim to have obtained the art from Hambleton.

### Interstate Wires

8. On or about the dates listed below, within the Southern District of California and elsewhere, defendant JASON HARRINGTON, for the purpose of executing an essential part of the aforesaid scheme to defraud, caused to be transmitted by wire in interstate and foreign commerce certain writings, signs, and signals described below, to wit:

| Count | Date | Item Transmitted |
|---|---|---|
| 1 | 9/4/19 | An email from gemini.sky.h@gmail.com to T.P. about mailing a purported Hendricks piece. |
| 2 | 9/9/19 | An email from gemini.sky.h@gmail.com to T.P. about tracking information. |
| 3 | 10/3/19 | A $19,970 wire transfer from D.A.'s Wells Fargo account to Harrington's JP Morgan Chase account. |

| 4 | 10/25/19 | A text message from Harrington to M.K. about scheduling a telephone call with Harrington's purported wife. |
| 5 | 10/27/19 | A text message from Harrington to M.K. about the provenance of purported Hambleton paintings. |

All in violation of Title 18, United States Code, Sections 1343.

## FORFEITURE ALLEGATION

9. The allegations contained in Counts 1 through 6 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

10. Upon conviction of one or more of the offenses set forth in Counts 1 through 6, defendant JASON HARRINGTON shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violation.

11. If any of the above-described forfeited property, as a result of any act or omission of defendant HARRINGTON cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c),

//
//
//
//

to seek forfeiture of any other property of Defendants up to the value of the property described above subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

<pre>
                                        RANDY S. GROSSMAN
                                        Acting United States Attorney

                                        [signature]
April 14, 2021                          _____
DATED                                   ANDREW J. GALVIN
                                        Assistant U.S. Attorney
</pre>